Case 1:20-cr-00187-AKH Document 27 Filed 01/21/21 Page 1 of 6

# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street–10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Southern District

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

January 19, 2021

**VIA ECF**

Honorable Judge Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*[handwritten: The motion to adjourn the trial is granted. Trial shall begin July 12, 2021 at 10:00 am. The Final PTC is adjourned until July 7, 2021 at 2:30pm. Time is excluded until 7/7/21; in the interest of justice.]*

Re: <u>United States v. Paulette Etoty</u>, 20 Cr. 187 (AKH)

*[handwritten signature] 1/21/21*

Dear Judge Hellerstein:

I write to respectfully request an adjournment of the February 22, 2021 trial date in the above captioned matter. Ms. Etoty has health concerns that make it unsafe for her to be on trial as the coronavirus resurges in the United States and the Southern District of New York. Additionally, the restrictions, precautions and warnings related to the national coronavirus pandemic greatly impact my ability to safely meet with Ms. Etoty and prepare for trial. Moreover, other Constitutional implications threaten the fairness of the proceeding were the Court to direct the matter to go forward on February 22, 2021.

For the reasons contained herein, I ask the Court to adjourn this matter to a date in late spring or the summer of 2021[1] or thereafter when the pandemic is expected to be more controlled and an increasing number of the public and Ms. Etoty will have been vaccinated. The government has no objection to an adjournment of the trial to a date before June 30, 2021. Ms. Etoty is prepared to waive her Constitutional Right to a Speedy Trial and consent to the exclusion of time under the Speedy Trial Act.

---

[1] Undersigned counsel has trials scheduled for March 24, 2021, May 24, 2021, and July 12, 2021.

Case 1:20-cr-00187-AKH   Document 27   Filed 01/21/21   Page 2 of 6

## The Dangers Associated With COVID-19 Will Still Exist On February 22, 2021

In recent weeks the number of coronavirus cases had increased dramatically nationwide and in New York, in particular.  Predictions are that the virus will continue to spread and the number of COVID cases will spike following the Christmas and New Year's holidays.  "At least 183 new coronavirus deaths and 13,420 new cases were reported in New York [State] on Jan. 18. Over the past week, there has been an average of 15,171 cases per day, an increase of 10 percent from the average two weeks earlier."  *See* New York Times, "New York Coronavirus Case Count and Map," January 19, 2021, available at https://www.nytimes.com/interactive/2020/us/new-york-coronavirus-cases.html.  In New York City, "[a]t least 68 new coronavirus deaths and 6,453 new cases were reported in New York City on Jan. 18. Over the past week, there has been an average of 6,140 cases per day, an increase of 27 percent from the average two weeks earlier." *Id.*

The Southern District of New York ("SDNY") Court has not been spared from this dangerous and deadly virus.  Upon information and belief, notwithstanding valiant efforts by the SDNY Court to protect employees and the public, COVID-19 has infected personnel working in the courthouse at 500 Pearl Street. On January 5, 2021, Chief Judge Colleen McMahon issued a First Amended Standing Order effective January 19, 2021 adjourning all jury trials scheduled for the period of January 19, 2021 and ending February 12, 2012.   There is no guarantee that the risks associated with the pandemic that necessitated the adjournment of all jury trials will come to an end on February 12, 20201.  Indeed, on January 14, 2021, in the Eastern District of New York, Chief United States District Judge Roslynn R. Mauskopf, suspended in-person proceedings until March 1, 2021.  Chief Judge Mauskopf's Administrative Order, No. 2020-26-2, notes that this extension is the result of consultation with epidemiologists and in consideration of public safety.

Ms. Etoty, who is 60 years old, has grave concerns about the safety of appearing in a public setting with large numbers of people in just 5 weeks' time when the pandemic is not abating and, in fact, is resurging.  Moreover, she would be required to take public transportation to and from the courthouse, further exposing her to the coronavirus.  Ms. Etoty suffers with chronic anemia which places her at an enhanced risk of a severe COVID-19 infection.[2]  Additionally, because the

---

[2] *See* **Anemia is associated with severe coronavirus disease 2019 (COVID-19) infection,**

Case 1:20-cr-00187-AKH   Document 27   Filed 01/21/21   Page 3 of 6

condition causes her shortness of breath, dizziness, and to feel faint, Ms. Etoty is unable to wear a protective face covering for extended periods of time – which she would be required to do during a trial. *See infra* p. 5.   Ms. Etoty has not worked since March 2020 and has largely remained in her home since the pandemic began due to her fears of contracting the coronavirus. A trial in February would unnecessarily place her health at risk.

## COVID-19 Restriction Impact Counsel's Ability to Prepare for Trial and Provide Effective Assistance of Counsel Guaranteed by the Sixth Amendment

The offices of the Federal Defenders of New York remain closed to the public. Since March 2020, my colleagues and I have been instructed to work remotely and a supervisor's approval is required to enter the offices. Staff is strongly discouraged not only from entering the offices but especially from meeting with clients in-person and in the office proper. I have not been able to meet with Ms. Etoty in person since the pandemic began in March 2020. Given the resurgence of the virus, the restrictions imposed by my office and Ms. Etoty's health concerns, it continues to be unsafe for Ms. Etoty to meet with me. As a result, it is impossible to effectively prepare for trial, prepare Ms. Etoty to testify and provide the effective representation Ms. Etoty is entitled to.

## Ms. Etoty's Sixth Amendment Right to an Impartial Jury will be Violated by a Trial Beginning February 22, 2021

The Sixth Amendment guarantees a criminal defendant a jury selected from a fair cross section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 697–98, 42 L.Ed.2d 690 (1975). To satisfy the Sixth Amendment, venires or pools from which jurors are drawn "must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Taylor*, 419 U.S. 522 (1975). Groups based on race and gender (and potentially age) are distinct for purposes of fair cross section challenges. *See, Taylor*, 419 U.S. 522 and *see also, Holland v Illinois*, 493 U.S. 474 (1990).

Because of the COVID-19 pandemic, the Southern District of New York has instituted screening measures, which include a Supplemental Juror Questionnaire,

---

https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7452827/#:~:text=Based%20on%20a%20contrite%20meta,will%20have%20low%20hemoglobin%20levels.

attached as Exhibit A (hereinafter "COVID-19 Questionnaire"). These screening measures undoubtedly exclude protected groups in the community.

The COVID-19 questionnaire indicates that "Due to COVID-19, we are performing juror screening by phone the week prior to the jury return date printed on the enclosed summons. This phone screening permits the court to assess and grant or deny juror adjournment requests remotely, without prospective jurors traveling to the courthouse." Further, the questionnaire instructs potential jurors "IF YOU ANSWERED YES TO QUESTIONS 1 THORUGH 7 on this questionnaire, or if you wish to be excused from jury service or have your jury service postponed (questions 8 and 9), please call Jury Administration . . . the week prior to your report date to participate in a phone screening." Question 7 is a broadly worded question which asks, "Is there any reason related to COVID-19 that you feel would preclude you from serving on a jury?" Question 8 suggests possible postponements if a potential juror is a "healthcare worker directly involved with the treatment of COVID-19 disease" or the juror works "in another field that puts me in direct contact with people who have been diagnosed with COVID-19." Question 9 alters the category of traditionally excused jurors to those caring for children under 12 who are "not employed outside" of their home. *Compare* Question 9 *with* Jury Plan, Art. VI (2) (Persons having legal custody and active daily care of a child or children under the age of 12 years; or who are essential to the daily care of aged or infirm persons.).

As the pandemic continues, a growing body of research has shown that Blacks and Hispanics are at increased risk of getting sick and dying from COVID-19.[3] According to the CDC, among the factors contributing to this increased risk are the following: discrimination, healthcare access, occupation, educational/income/wealth gaps, and housing disparities. With respect to occupation, the CDC notes, "people from some racial and ethnic minority groups are disproportionately represented in essential work settings such as healthcare facilities, farms, factories, grocery stores, and public transportation." *Id.* As a result, systematically excusing healthcare workers clearly impacts a protected group or groups and creates an underrepresentation of those groups in the pool of prospective jurors. Furthermore, responsibility for childcare and the care of the aged or infirm falls in large measure to women and minorities, and their exclusion from jury service deprives Ms. Etoty

---

[3]   *See* Center for Disease Control and Prevention, Health Equity Considerations and Racial and Ethnic Minority Groups, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited Oct. 7, 2020).

Case 1:20-cr-00187-AKH   Document 27   Filed 01/21/21   Page 5 of 6

of her Sixth Amendment right to a jury selected from a fair cross section of the community.

Even were the District Court for the Southern District of New York not to purposely exclude distinct populations outright from the venire, calling individuals to jury service now just as the City faces a resurgence of the coronavirus risks the systemic exclusion of distinct groups regardless. It creates effectively self-selection by a vulnerable population of jurors and "a real risk that jurors will resent being asked to serve on a jury during a global pandemic." Josh Dubin, *Covid-19's Next Victim? The Rights of the Accused*, The Champion, Vol. XLIV No. 4, May 2020 (avail. at www.nacdl.org).

## Ms. Etoty's Sixth Amendment Right of Confrontation and Fifth Amendment Due Process Rights will be Abridged by a Trial Beginning February 22, 2021

A trial beginning on February 22, 2021 will require all participants to wear masks and maintain social distance in the courtroom. Masks and Plexiglas barriers that have been installed in the retrofitted courtrooms of the SDNY unquestionably create a distraction for jurors and counsel.   Despite the Plexiglas barriers installed around the witness stand, witnesses may choose to testify with a mask on.  Defense counsel will be required to wear a mask throughout the trial proceeding except when examining a witness. Ms. Etoty will likewise be required to wear a mask unless she chooses to testify and choses to take the mask off. Masks obscure faces and ultimately undermine the truth-seeking function and the ability of the jury, counsel and Ms. Etoty to read facial expressions and evaluate the credibility of witnesses. These requirements not only compromise Ms. Etoty's health, *supra*, but they threaten to abridge the constitutional rights of confrontation and due process.

## Conclusion

For the reasons stated herein, on behalf of Ms. Etoty, I respectfully request that the trial in this matter be adjourned.

Respectfully submitted,

/s/ Amy Gallicchio
Amy Gallicchio
Assistant Federal Defender
Office: (212) 417-8728
Mobile: (917) 612-3274

Case 1:20-cr-00187-AKH   Document 27   Filed 01/21/21   Page 6 of 6

cc:   AUSA Mitzi S. Steiner, Esq.
       AUSA Robert Sobelman, Esq.