

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 29, 2021

**BY ECF AND EMAIL**

The Government's application to conduct the deposition of Gilbert A. Smith, Sr. pursuant to Fed. R. Crim. P. 15(h) and Defendant's application to appear at the deposition with her counsel by videoconferencing are hereby granted. The Government's application to file this redacted letter on ECF and an unredacted version of this letter under seal is also granted.

So ordered.
/s/ Hon. Alvin K. Hellerstein
June 29, 2021

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Paulette Etoty*, S1 20 Cr. 187 (AKH)

Dear Judge Hellerstein:

The Government respectfully submits this letter in order to request the Court's consent, pursuant to Federal Rule of Criminal Procedure 15(h), to take the deposition of Gilbert A. Smith, Sr., in advance of trial in the above captioned case. The defendant consents to this request, and asks that the Court permit the defendant and her counsel to appear at the deposition by videoconference.[1] As set forth below, Mr. Smith's expected testimony is material and he is unavailable to testify in person at trial because he cannot travel to the Southern District of New York because of physical infirmity. The Court should therefore consent to the parties' agreement to take Mr. Smith's deposition pursuant to Rule 15 and to grant the defendant's request that she and her counsel be permitted to appear by videoconference.

   **A. Applicable Law**

Rule 15 authorizes parties to "by agreement take and use a deposition with the court's consent" in order to preserve testimony of a prospective witness for trial. Fed. R. Crim. P. 15(h). In absence of consent by all parties, a party may "move that a prospective witness be deposed in order to preserve testimony for trial," and a "court may grant the motion because of exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1).

In this Circuit, it is "well-settled" that "the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); *see also United States v. Grossman*, No. 03 Cr. 1156 (SHS), 2005 WL 486735,

---

[1] The defendant consents to the taking of the deposition (Fed. R. Crim. P. 15(h)), but explicitly reserves her right to challenge the admissibility of any and all portions of the deposition pursuant to Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility.").

at *2 (S.D.N.Y Mar. 2, 2005) ("To demonstrate that exceptional circumstances exist, the movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice" (citing *United States v. Cohen*, 260 F.2d 68, 72 (2d Cir. 2001)); *id.*at *3 ("In general, testimony 'is necessary to prevent a failure of justice' when the witness is unavailable, his testimony is material, and there are no substantial countervailing factors militating against the taking of the deposition."). The burden of satisfying this test is on the party seeking a Rule 15 deposition. *See United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962); *see also United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994).

A witness's "testimony is material if it is 'highly relevant to a central issue in the case . . . .'" *Grossman*, 2005 WL 486735, at *3 (citing *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993)); *see*, *e.g.*, *Drogoul*, 1 F.3d at 1553 (in bank fraud trial involving bank employee, testimony of defendant's superiors that they had not authorized the allegedly fraudulent transaction was material because it rebutted an expected defense); *Johnpoll*, 739 F.2d at 709 (in trial related to transport of stolen securities, testimony of Swiss witnesses involved in arranging the transport was material); *see also United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001) (holding the proposed testimony not material because it was not relevant to the question of the defendant's guilt or innocence).

A witness's "[u]navailability is defined by reference to Rule 804(a) of the Federal Rules of Evidence." *United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999); *see also United States v. Ahmed*, No. 14 Cr. 277 (DLI), 2016 WL 3653961 (E.D.N.Y. July 1, 2016) (considering Federal Rule of Evidence 804(a)(4) in determining whether a witness was unavailable for purposes of Federal Rule of Criminal Procedure 15). Thus, a witness is unavailable for trial if, among other reasons, he "cannot be present or testify at the trial . . . because of . . . a then-existing infirmity, physical illness, or mental illness." Fed. R. Evid. 804(a)(4); *see United States v. Gigante*, 971 F.Supp. 755, 756 (E.D.N.Y. 1997), *aff'd on other grounds* 166 F.3d 75 (2d Cir. 1999).

### B.  Mr. Smith's Expected Testimony is Material

The Government expects that Mr. Smith, who was briefly married to the defendant from 2000 until 2003, will provide critical, inculpatory testimony regarding his interactions with the defendant that tend to show that she was not born in St. Thomas, United States Virgin Islands, as she claimed on the passport application that is at issue in Count One of the Superseding Indictment. In particular, Mr. Smith is expected to testify, in part, that when Mr. Smith conversed with the defendant about St. Thomas, she appeared to have no knowledge about St. Thomas (with which Mr. Smith was familiar from his travels there). In addition, Mr. Smith is expected to testify that the defendant appeared to have substantial ties to Nigeria—the country of which she is, in fact, a citizen. In particular, Mr. Smith is expected to testify that he observed the defendant on numerous occasions speak Yoruba, a Nigerian language, with other individuals whom he knew were from Nigeria; on at least one occasion at their residence in Baltimore, he heard the defendant speak Yoruba on the telephone with an unknown individual in the very early morning hours (Nigeria's time zone is five hours ahead of Eastern Time); and the defendant told him that her mother traveled from California to visit her father in Nigeria.

This testimony is material because it pertains to the very heart of the central questions of this case: whether the defendant is a United States citizen (as she claimed to be in the passport and voter registration applications at issue in Counts One and Two) and whether the defendant was born in the United States Virgin Islands (as she stated on the passport application at issue in Count One), *see* Gov't Requests to Charge (Dkt. No. 41), Nos. 4, 6, 8, as well as whether the defendant knew that she was not a United States citizen and was not born in the United States Virgin Islands, *see* Gov't Requests to Charge, Nos. 6, 9.[2]

### C. Mr. Smith is Unavailable to Testify at Trial

Mr. Smith is 84 years old and resides in a suburb of Baltimore, Maryland. .[3] In light of these conditions, Mr. Smith has advised the Government that, although he has traveled previously with special programs staffed by medical professionals that are designed to accommodate people with his medical and mobility conditions, his current medical condition has rendered him unable to travel to the Southern District of New York due to physical infirmity. Therefore, he is unavailable to testify at trial. *See United States v. McGowan*, 590 F.3d 445, 454 (7th Cir. 2009) (upholding district court's determination that a witness with "severe and chronic" medical issues that impaired her mobility was unavailable to testify at trial); *United States v. Owimrin*, No. S8 17 Cr. 243 (SHS) (S.D.N.Y. Sept. 24, 2018), Dkt. 271 (granting motion for Rule 15 deposition, submitted on consent, where 89-year-old witness was "unable to travel due to physical infirmity").

### D. Date, Location, and Manner of Deposition

After conferring with Mr. Smith and the defendant, the Government proposes, with the defendant's consent, that the deposition take place on July 6, 2021, at a time and place in the Baltimore area to be agreed upon by the parties. The defendant requests, with the Government's consent, that she and her counsel be permitted to attend and participate in the deposition by videoconference, for which, pending the Court's approval, the Government will make arrangements.[4]

---

[2] Mr. Smith previously testified at the defendant's 2010 federal criminal trial. *See United States v. Etoty*, No. 09 Cr. 609 (CCB) (D. Md.), Dkt. 65 at 6-15.

[3] In light of the sensitive medical nature of this information, the Government has filed a redacted version of the letter on ECF and will submit an unredacted version to the Court and the defendant by email, which the Government requests be filed under seal.

[4] The Government has offered, pursuant to Rule 15(d)(1), to make arrangements for the defendant and her counsel to travel to and from the Baltimore area for the deposition, but the defendant informed the Government that she and her counsel prefer to attend by videoconference.

In addition, pursuant to Rule 15(e)(3), the Government will produce to the defendant any *Giglio* material and material subject to production under 18 U.S.C. § 3500(b) with respect to Mr. Smith, to the extent it has not already been produced, by July 2, 2021.

### E. Conclusion

Based on the foregoing, the Government respectfully requests that the Court consent to the deposition of Gilbert A. Smith, Sr., pursuant to Rule 15, on July 6, 2021, at a location in the Baltimore area to be agreed upon by the parties.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: ___/s_____
Mitzi S. Steiner
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2284/2616

Cc: Amy Gallicchio, Esq. (by ECF and email)