

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 7, 2021

**BY ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Rm 1050
New York, NY 10007

Re:   *United States v. Paulette Etoty*, S1 20 Cr. 187 (AKH)

Dear Judge Hellerstein:

This case is scheduled to be tried beginning on July 13, 2021, just three business days from today. The Government now moves to add a third count, contending that it will not add much to the existing issues. Defendant takes exception, and claims prejudice if the superseder is granted. Defendant is correct. A superseder will prevent the trial from proceeding on the date scheduled. An adjournment, given the limitations on jury trials in the four courtrooms outfitted for criminal jury trials during the COVID pandemic and other criminal trials waiting their turn, cannot be arranged for a proximate date. An adjournment will therefore burden the Court and prejudice Defendant's speedy trial rights.

So Ordered.
/s/ Hon. Alvin K. Hellerstein
July 8, 2021

The Government respectfully submits this letter to request the Court's approval to proceed to trial on Tuesday, July 13, 2021, on both the two charges in the operative superseding indictment and one additional charge that the Government is prepared to bring tomorrow, July 8, 2021, in a new superseding indictment: making a false statement in an application for supplemental security income, in violation of 42 U.S.C. § 1383a(a)(1).[1]

As an initial matter, "the [G]overnment has the right to determine what charges to seek from the grand jury and when to seek them. Such decisions may be influenced by a host of factors, not least of them the prosecutor's estimate of whether the evidence at hand at any given time warrants presentation to the grand jury and is likely to result in an indictment and a conviction." *United States v. Montoya-Echeverria*, 896 F. Supp. 148, 150 (S.D.N.Y. 1995) (denying motion to strike superseding indictment returned 26 days before trial); *see also United States v. Stewart*, 590 F.3d 93, 122 (2d Cir. 2009) ("[T]he decision as to whether to prosecute generally rests within the broad discretion of the prosecutor, and a prosecutor's pretrial charging decision is presumed legitimate." (internal quotation marks omitted)). Indeed, there is "no legal authority for the proposition that the district court should . . . dismiss[] the superseding indictment" when returned shortly before trial. *United States v. Skinner*, 946 F.2d 176, 178 (2d Cir. 1991); *see also United States v. Lin*, 505 F. App'x 10, 12 (2d Cir. 2012) ("We have never held that an indictment should be dismissed in such a situation [*i.e.,* where new charges are added less than a month before trial] and we do not do so now."). When a defendant declines to seek an adjournment in light of a superseding indictment, he or she cannot establish prejudice from the addition of the

---

[1] Section 1383a(a)(1) provides that whoever "knowingly and willfully makes or causes to be made any false statement or representation of a material fact in any application for any benefit under this subchapter," which covers supplemental security income for the aged, blind, and disabled, shall be guilty of a crime.

new charge. *See, e.g.*, *United States v. Mulder*, 273 F.3d 91, 99 (2d Cir. 2001) ("Because the court offered defendants additional time to prepare, which they declined, they cannot establish prejudice from the timing" of the "super[s]eding indictment filed about three weeks before trial.").[2]

The Court should permit the Government to proceed to trial as scheduled on both the two counts in the operative superseding indictment and the additional count that the Government presently intends to bring tomorrow if this request is granted: making a false statement in an application for supplemental security income, in violation of 42 U.S.C. § 1383a(a)(1). If the Court grants this request, the Government would intend to offer at trial only one document from the set of documents that the Government obtained yesterday from the Social Security Administration ("SSA"): the 21-page application for supplemental security income that the defendant filed on or about August 19, 2016.[3] The Government would prove the elements of the new charge through the proof it already intends to offer to prove the two counts in the operative superseding indictment. The Government does not anticipate calling any additional witnesses if the additional charge is added; rather, as the defendant has been informed, the Government already intends to call an employee of the SSA.

In sum, the additional charge is factually and legally straightforward, would require the introduction of only one additional exhibit, and would result in no additional witnesses being called. Permitting the additional charge at this time would cause no unfair prejudice to the defendant and would serve judicial economy by avoiding a separate trial at a later time that would have virtually complete overlap in its presentation of documentary evidence and witness testimony. Moreover, it is in the interest of justice to permit the Government to present this additional theory of guilt to the jury—for a separate, distinct crime—that will be proven based almost entirely on the same evidence the Government already intends to adduce at trial.[4]

---

[2] As the Government noted at this morning's conference, it would not object in the event that the defendant requests an adjournment based on the additional charge.

[3] This document was produced yesterday to the defendant, promptly upon the Government's receipt of it from the SSA, with control numbers USAO_006674-006696, which will be provided to the Court upon request.

[4] In the event that the Court denies the Government's request to add the additional charge in advance of trial, the Government intends to file a letter motion seeking an *in limine* ruling permitting the introduction at trial of the same document referenced above as both direct evidence of the two crimes currently charged and, in the alternative, under Rule 404(b).

The defendant objects to this request.

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

by: *[signature]*
        Mitzi S. Steiner
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-2284 / 2616